

# IN THE SUPERIOR COURT OF GUAM

|  |  |
|---|---|
| BONIE JUNIOR PINAULA HERRADURA, | CIVIL CASE NO.: CV1375-19 |
| Plaintiff, | |
| vs. | **DECISION AND ORDER:** |
| | **Defendant's Motion to Dismiss** |
| JONIE CRISOSTOMO HERRADURA, | **Pursuant to GRCP Rules 12(b)(6), or for** |
| | **Summary Judgment** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on Defendant's Motion for Dismissal under Guam Rules of Civil Procedure ("GRCP") Rule 12(b)(6) or for Summary Judgment filed on May 10, 2021. Attorney Mark Williams represents Plaintiff Bonie Junior Pinaula Herradura ("Plaintiff") and Attorney Gary Gumataotao represents Defendant Jonie Crisostomo Herradura ("Defendant"). The Court took the matter under advisement, without oral argument, pursuant to CVR 7.1 of the Local Rules of the Superior Court of Guam.[1] This Decision and Order now follows Granting in part and Denying in Part Defendant's Motion for Dismissal or for Summary Judgment.

---

[1] Oral argument may be denied in the discretion of the judge, except where oral argument is required by statute or the Guam Rules of Civil procedure. Guam Super. Ct. CVR 7.1(e)(1).

## BACKGROUND

This matter involves a dispute over the ownership of a parcel of real property. Plaintiff seeks to quiet title to certain real property, more particularly described as follows:

> Lot No. 23, Block No. 19, Tract 232, Municipality of Sinajana, Guam, Urban, as said lot is marked and designated on Map Drawing No. Subdivision of Trat 232, recorded on June 26, 1980 in the Department of Land Management, Government of Guam, under Instrument Number 312990.

(hereinafter, the "Property"). Complaint to Quiet Title at ¶ 4 (Dec. 4, 2019). The Plaintiff claims title to the Property pursuant to a deed dated March 21, 2018, from Bonie J. Herradura[2] purportedly recorded under Document No. 919551 in the Department of Land Management, Government of Guam. Compl. ¶¶ 4, 5. On the other hand, the Defendant disputes the Plaintiff's claim of ownership of the Property, and claims an interest in the Property as a beneficiary of the BMCH Trust ("Trust"), which Defendant claims continues to own the Property, or, alternatively, as an heir to the estate of Josephine C. Herrera, who died intestate. Answer and Counterclaim ¶¶ 6–7 (Feb. 19, 2020). Plaintiff denies virtually all of the substantive allegations in Defendant's Answer and Counterclaim.

On May 10, 2021, Defendant filed a Motion to Dismiss the Complaint for failure to state a claim upon which relief could be granted under GRCP Rule 12(b)(6) or, in the alternative, for Summary Judgment. The Plaintiff filed a Response in opposition to the Defendant's Motion on July 27, 2021, to which the Defendant replied on August 21, 2021.

//

//

---

[2] Bonie J. Herradura is the surviving spouse of Josephine C. Herradura, and purported grantor of the subject deed dated March 21, 2018, to Plaintiff. See, Ans. and Counterclaim (Feb. 19, 2020)(Exhibit A). Bonie Mark Crisostomo Herradura is a purported named beneficiary of the BMCH Trust and an individual different from Plaintiff. *Id.*

## DISCUSSION

### A. Defendant's Motion to Dismiss under GRCP Rule 12(b)(6) Is Converted to a Motion for Summary Judgment.

The Defendant's Motion to dismiss pursuant to GRCP Rule 12(b)(6), or in the alternative, for summary judgment motion, will be treated as one for summary judgment because the court has been presented with and has considered "matters outside of the pleadings" in rendering its Decision herein. *Core Tech Intern. Corp. v. Hanil Eng. & Constr. Co., Ltd. 2010 Guam 13* ¶ 29 *(*citing *Newby v. Government of Guam,* 2010 guam 4 ¶ 14 (quoting Guam R. Civ. P. 12 9b) and citing *Carter v. Stanton,* 405 U.S. 669, 671 (1972)("The general rule is that a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, must be converted into a Rule 56 motion for summary judgment whenever 'matters outside the pleadings' are presented to and considered by the Court. ...").

The Guam Supreme Court noted an exception to this rule of conversion where the document is one "whose authenticity cannot be questioned and on which plaintiff's complaint "necessarily relies." *Newby,* ¶ 15. The Plaintiff did not submit any exhibits to his Complaint which comports to the *Newby* exception, nor did either party submit any affidavits in support of either respective position. However, the court notes that the Defendant, in his Answer and Counterclaim, submitted an exhibit entitled "Amended Preliminary Report" purportedly prepared by Title Guaranty of Guam, Inc. Defendant appears to rely upon this preliminary title report in order to establish his competing claim to the Property. Exhibit A to Answer and Counterclaim. Defendant also relies upon Exhibit A to his Motion, which is a document entitled "Declaration of Trust" and which appears to have been recorded at the Department of Land Management on December 23, 1991, under Instrument No. 464349. Additionally, Defendant attaches as Exhibit B a Quitclaim Deed purportedly transferring the Property from

Josephine C. Herradura to the BMCH Trust. It is upon these Trust documents that the Defendant argues that the Plaintiff has no right to the Property. Because the court has considered these extrinsic materials in ruling on Defendant's motion, it is converted to a summary judgment motion pursuant to Rule 56(c) of the Guam Rules of Civil Procedure.

**B. Summary Judgment Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Guam R. Civ. P. 56(c); *Hawaiian Rock Prod. Corp. v. Ocean Hous., Inc.*, 2016 Guam 4, ¶¶ 26-27. See also, *Bank of Guam v. Flores*, 2004 Guam 25 ¶ 8; *Gayle v. Hemlani*, 2000 Guam 25 ¶ 20. A genuine dispute occurs where there is "'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder." *Gayle*, 2000 Guam 25 ¶ 20 (citing *Iizuka Corp. v. Kawasho Int'l, Inc.*, 1997 Guam 10 ¶ 7). However, the issue must encompass a "material fact." Id. "A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit.... Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment." Id. (alteration in original) (quoting *Iizuka Corp.*, 1997 Guam 10 ¶ 7).

In determining the appropriateness of granting summary judgment, a court "must view the evidence and draw inferences in the light most favorable to the non-movant." *Hawaiian Rock* at ¶ 27 (citing *Gayle* at ¶ 21). If, however, the movant proves that no genuine issues of material fact remain, the non-movant may not rely on mere allegations contained in the complaint, but must offer some significant probative evidence supporting such allegations. Id. A movant bears the initial burden to show that undisputed facts in the record support a prima

facie entitlement to the relief requested. *Id.* If such a showing is made, however, the non-movant may not simply deny the allegations to create a factual dispute, but is obligated to set forth specific facts showing there is a genuine issue for trial. *Id.* See also, *Gayle,* 2000 Guam 25 ¶ 21 (citing Iizuka Corp., 1997 Guam 10 ¶ 8); Guam R. Civ. P. 56(e). A genuine issue of material fact precluding summary judgment exists "if there is 'sufficient evidence' which establishes a factual dispute requiring resolution by a fact-finder." Id. (citing *M. Electric Corp. v. Phil-Gets (Guam) Int'l Trading Corp.*, 2012 Guam 23 ¶ 11).

While the Plaintiff seems to adopt some of the "facts" set forth in the preliminary title report appended to Defendant's Answer and Counterclaim, where both parties differ is in the question of whether the BMCH Trust was terminated. Defendant argues that the Trust was not terminated, although attempts were made to do so, because the termination did not provide a Schedule of Beneficiaries, as required under the Trust Documents. Plaintiff, on the other hand, argues that the Trust was in fact terminated by its terms when the trustee and purported beneficiaries filed a Notice of Termination of Trust on August 15, 2002. If the Trust terminated, then the property reverted to Josephine C. Herradura and Plaintiff received title through several deeds, including the deed to Plaintiff in 2018.

The Court considers whether a material fact exists under the circumstances.

## C. Formation of the BMCH Trust

The BMCH Trust was created on December 23, 1991 by Josephine C. Herradura. *See* Exh. "A" to Mot., Decl. of Trust. After issuing the Declaration of the Trust, Josephine C. Herradura issued a Quitclaim Deed which transferred the Property to the BMCH Trust and to Josephine C. Herradura (herself) as Trustee of the BMCH Trust on May 5, 1992. The Declaration of Trust makes reference to a "Schedule of Beneficiaries" executed the day of the Declaration, but no

"Schedule of Beneficiaries" was executed along with the Declaration. See Exh. "A" to Mot. ¶ 2. The May 5, 1992 Quitclaim Deed indicates that the Property was transferred to the Trust for the benefit of Josephine C. Herradura, Bonie Mark Crisostomo Herradura, or Jonie Crisostomo Herradura. *See* Exh. "B" to Mot., Quitclaim Deed.

**D. Whether the Trust was Terminated Is a Material Question of Fact.**

On August 16, 2002, Notice of Termination of Trust was filed in the Department of Land Management, signed by Josephine C. Herradura, Bonie Mark Crisostomo Herradura, and Jonie Crisostomo Herradura, as beneficiaries. Under 18 GCA § 66501, a trust is extinguished by the entire fulfillment of its object, or by such object becoming impossible or unlawful. Additionally, under 18 GCA § 66502, a trust cannot be revoked by the trustor after its acceptance, actual or presumed, by the trustee and beneficiaries, except by the consent of all the beneficiaries, unless the declaration of trust reserves a power of revocation to the trustor, and in that case the power must be strictly pursued.

Here, according to the Declaration of Trust, the Trustor, Josephine C. Herradura, transferred the property to the Trust and to the Trustee, Josephine C. Herradura, for the sole benefit of the persons listed in the "Schedule of Beneficiaries." The Declaration of Trust never identified the intended beneficiaries in the referenced Schedule of Beneficiaries, leading to an ambiguity in the trust instrument. When interpreting an ambiguous trust instrument, extrinsic evidence may be considered. *Ramiro v. White*, 2016 Guam 6, ¶ 20 ("Extrinsic evidence is admissible to clarify the terms of a trust or remove ambiguities, particularly when there is a patent ambiguity in the trust instrument, such as any ambiguities regarding the settlor's intent to create a trust. Extrinsic evidence, under these circumstances, may be admitted but used only to explain, and not to contradict, the instrument.")(*quoting* 76 Am. Jur. 2d *Trusts* § 635)).

Although the trust instrument, the Declaration of Trust, does not indicate the intended beneficiaries, both the Quitclaim Deed from May 5, 1991, which transferred the Property to the Trust, and the Notice of Termination of Trust identify the intended beneficiaries. The intent of the Trustor to create a trust for the benefit of Josephine C. Herradura, Bonie Mark Crisostomo Herradura, and Jonie Crisostomo Herradura may be inferred by these subsequent, related documents.

The Declaration of Trust, then, expressly states that the Trust may be terminated at any time if all the beneficiaries consent by notice in writing to the Trustee and the Trustee consents in writing to the beneficiaries. Further, the Declaration of Trust states the termination shall not take effect until the termination is recorded in the Department of Land Management. Exh. "A" to Mot. ¶ 5. Upon termination of the trust, the Trustee shall transfer and convey the entire trust estate to the beneficiaries. *Id.* ¶ 6. The Termination of Trust was purportedly filed in the Department of Land Management, Office of the Recorder on August 16, 2002, under Instrument Number 661280.

Upon termination of the Trust, the Trustee was to transfer the entire trust estate, the Property, to the beneficiaries.

**E. Interest in the Property after Termination of Trust**

After the purported termination of the trust by the Notice of Termination, Josephine C. Herradura transferred an interest in the Property via a quitclaim deed to Bonie Jimenea Herradura and Josephine C. Herradura as community property. Exh. A to Ans. and Counterclaim, Preliminary Report, ¶ 8. However, there is no indication that Josephine C. Herradura, as Trustee to the BMCH Trust, transferred the property to the beneficiaries as required upon termination of the trust. This being an issue of first impression in Guam, the

Court looks to other jurisdictions to provide guidance as to the state of the trust property upon termination of the trust but failure of the trustee to distribute the trust property to the beneficiaries.

According to *In re Estate of Barger*, a trust terminates at the time at which it becomes the duty of the trustee to wind up administration of the trust, and not at the time when that winding up period is actually accomplished. After a trust has been terminated, a trustee must expeditiously exercise the powers appropriate to wind up the administration of the trust and distribute the trust property to the persons entitled to it. 303 Neb. 817, 838–39, 931 N.W.2d 660, 676 (2019). Here, it became the duty of the trustee, Josephine C. Herradura to wind up the administration of the trust and distribute the trust property upon the Trustee and Beneficiaries of the Trust recording their signed Notice of Termination of the Trust. At termination, the powers of the trustee are limited to only those that are reasonable and appropriate to the expeditious distribution of the trust property and preserving the trust property pending the winding up and distribution of that property. *Id.*

The Court has the responsibility to ascertain intent of the settlor, and to carry out that intent, by looking at the language and purpose of the trust as a whole document. *Wheeler v. Queen*, 132 N.C. App. 91, 95, 510 S.E.2d 195, 198 (1999). Unfortunately, other than the Trust Documents and Quitclaim Deed transferring the Property to the Trust, the Court does not have any other documents which are self-authenticating under Rule 902 of the Guam Rules of Evidence. Instead the Court has been provided with the preliminary title report which is hearsay and which was "issued in conjunction with an order for a title insurance policy … for the convenience of the title holder, his agent, counsel, purchaser or mortgagee." Answer and

Counterclaim, Exhibit A. It is not evidence of the transfer of title as required to find that there is no material question of fact.

Notwithstanding the failure to submit the actual documents purporting to transfer the interest in the Property, if the Court were to assume that the documents set forth in the preliminary title report accurately reflect the transfers of interest identified therein, the Court might find that the Trust was terminated and make a ruling of law on the effect of such termination. Without these self-authenticating documents, however, the Court is unable to make such a finding. As indicated herein, the only self-authenticating documents provided to the Court are the documents creating the Trust and placing the Property in the Trust. The Court cannot rely on the preliminary title report as sufficient evidence of any transfers after the creation of the trust, including any purported termination of the trust, as argued by the Plaintiff.

F.  **A Question of Material Fact Exists Due to Lack of Self-Authenticating Evidence**.

The court cannot make a ruling on a question of law, that is, whether the BMCH Trust was terminated, because it has not been provided with Affidavits attesting to the authenticity of any Trust termination along with the title transfer documents referred to in the preliminary title report. The material question of fact then remains: was the BMCH trust terminated? The court cannot rule on this question with the evidence presented to it in support of Defendant's motion.

Even if the court found it could rely on the preliminary title report as self-authenticating evidence of the documents abstracted therein, the question as to whether the filing of the Notice of Termination of the Trust did, in fact, terminate the trust, when there is no evidence that the Schedule of Beneficiaries was ever appended to the Trust, as required under the Trust. Thus, there remains a material question of fact for adjudication.

//

## CONCLUSION

For the foregoing reasons, the Court hereby **DENIES** the Defendant's Motion. The parties are Ordered to submit a proposed Scheduling Order and Discovery Plan as mandated by the Guam Rules of Civil Procedure and applicable Local Rules of the Superior Court of Guam.

**SO ORDERED** this 6th day of December, 2021.

**HONORABLE MARIA T. CENZON**
JUDGE, SUPERIOR COURT OF GUAM

**SERVICE VIA E-MAIL**
I acknowledge that an electronic copy of the original was e-mailed to:

M. Williams
(Jum. Azwite)

Date:_____ Time:_____

**Joseph Bamba, Jr.**
Deputy Clerk, Superior Court of Guam